UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELITA COBB, | ) |
| LAWANDA PRICE, | ) |
| COREY CADO, | ) |
| JANIE WIGGINGTON, | ) |
| JOSEPH H. BEASLEY, | ) |
| TERRI I. BURTON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:20-cv-00820-SEB-DLP |
| | ) |
| ANTHEM INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING JOINT MOTION TO APPROVE STIPULATION CONDITIONALLY CERTIFYING COLLECTIVE ACTION**

This cause is before the Court on the Parties' Joint Motion to Approve the Stipulation Conditionally Certifying Collective Action Pursuant to 29 U.S.C. § 216(b) [Docket No. 93], filed on July 3, 2020. Plaintiffs are current and former employees of call centers operated by Defendant, Anthem, Inc., in Indiana, Kentucky, Pennsylvania, and Virginia. Plaintiffs allege that Defendant's common policy required Plaintiffs to perform uncompensated pre-shift, mid-shift, and post-shift work in violation of the minimum wage or overtime compensation requirements established by the FLSA. In addition, Plaintiffs assert state law claims under the laws of Indiana,[1] Kentucky,[2] and

---

[1] Janie Wiggington brings her claims for herself and on behalf of all other similarly situated Rule 23 class members under Indiana Code § 22-2-5-1. Second Am. Compl. ¶ 4.

[2] Terri Burton brings her claims for herself and on behalf of all other similarly situated Rule 23 class members under the laws of Kentucky, KRS §§ 337.285 and 337.020. Second Am. Compl. ¶ 3.

1

Pennsylvania.³ *Id.* For the reasons below, we GRANT the Parties' Joint Motion and conditionally certify this FLSA collective action pursuant to § 216(b).

## Factual Background

Defendant, Anthem, Inc., provides health insurance services nationwide and operates call centers in several states to facilitate those services. *See* Second Am. Compl. ¶¶ 5-7. Plaintiffs, Joseph Beasley, Terri L. Burton, Shelita Cobb, and Janie Wiggington, are former employees of Defendant whose primary job responsibilities included "placing and receiving inbound and outbound calls related to inquiries regarding medical, dental and vision policy benefits, verifying third party insurance eligibility for coordination of benefits, [and] verifying prescription and medical authorizations requirements." *Id.* ¶ 6. Despite the similar job responsibilities, Plaintiffs and similarly situated current and former employees hold a variety of job titles, such as "consumer service associates," "customer service representatives," and "customer care representatives." *Id*. ¶ 7.

Plaintiffs allege that, in order to perform their jobs, Defendant required them to "boot up their computers, log into a server and software programs, and read e-mails, among other tasks, before the start of their scheduled shifts." *Id.* ¶8. While Plaintiffs must also close or shut down all of their computer programs and systems after the end of their scheduled shifts, Plaintiffs allege that Defendant requires them to perform a substantial amount of follow-up work, including documenting calls, reaching out to providers,

---

³ Joseph Beasley brings his claims for himself and on behalf of all other similarly situated Rule 23 class members under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* and attendant regulations, 34 Pa. Code § 231.1 *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq*. Second Am. Compl. ¶ 2.

escalating tasks, submitting discrepancies, placing follow-up calls, leaving voicemails, and closing cases, [and] other tasks, which result in a long list of outstanding tasks that need to be completed prior to the start of the shift the following day." *Id.* ¶¶ 9-10. Defendant's overtime policy allegedly forbids Plaintiffs from clocking-in early or remaining clocked-in past the end of their scheduled shifts unless that time has been approved by management, resulting in Defendant's employees "regularly working off-the-clock pre-shift and post-shift to complete any outstanding tasks." *Id.* ¶11.

In addition, Plaintiffs allege that Defendant's employees are "required to log out of their computers for their mid-shift unpaid lunch break and log back in at the end of the break." *Id.* ¶ 12. Plaintiffs allege that "Defendant has at all relevant times maintained, and continues to maintain, a common policy of failing to pay [its employees] for the time they spend performing the foregoing pre-shift, mid-shift, and post-shift activities, all of which directly benefit Defendant and are essential to their [job] responsibilities." *Id.* ¶ 13.

Plaintiffs filed a collective and class action complaint on behalf of similarly situated persons employed by Defendant, alleging that Defendant's policies and practices deprived Plaintiffs and similarly situated employees of compensation for pre-shift, mid-shift, and post-shift activities they performed in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Second Am. Compl. ¶ 1, 43.[4] Because Plaintiffs and

---

[4] This Action was first filed on December 4, 2019 by Shelita Cobb in the United States District Court for the Eastern District of Virginia, before Joseph Beasley, Terri L. Burton, and Janie Wiggington joined the suit. Stipulation Conditionally Certifying Collective Action, at 1-2. After Joseph Beasley and Janie Wiggington joined the suit, the case was transferred to this Court pursuant to 28 U.S.C. § 1404(a). *Id.* The First Amended Complaint was filed on April 2, 2020,

similarly situated employees typically worked forty hours or more in a week, Plaintiffs also claim that Defendant's policies deprived them of overtime pay at a rate of 1.5 times their regular rate of pay, as required under the FLSA. *Id.* ¶ 43.

On July 3, 2020, the Parties filed a Stipulation Conditionally Certifying Collective Action Pursuant to 29 U.S.C. § 216(b) ("Stipulation"), along with a joint motion to approve that Stipulation. The Stipulation proposes that we certify four Collectives, defined below.

> a. **The Indiana Collective**: all current and former full-time, hourly-paid associates who held the job title of Utilization Management Representative I while working at Anthem's Central National Local & GA call center located at 220 Virginia Ave in Indianapolis, Indiana, at any time within the period of three years prior to the date on which this Stipulation is approved to March 18, 2020 or who held the job title of Customer Care Representative I or Customer Care Representative II at Anthem's AHG/MHA-NASCO call center located at 220 Virginia Ave in Indianapolis, Indiana, at any time within the period of three years prior to the date on which this Stipulation is approved to March 18, 2020.
>
> b. **The Kentucky Collective**: all current and former full-time, hourly-paid associates who held the job title of Customer Care Representative I or Customer Care Representative II while working at Anthem's KEHP/Member call center located at 13550 Triton Park, Louisville, Kentucky, at any time within the period of three years prior to the date on which this Stipulation is approved to March 18, 2020.
>
> c. **The Pennsylvania Collective**: all current and former full-time, hourly-paid associates who held the job title of SCA Customer Care Representative I, SCA Customer Care Representative II, or SCA Customer Care Representative II – Multi while working at Anthem's SCA call center located at 2400 Thea Drive, Harrisburg, Pennsylvania, at any time within the period of three years prior to the date on which this Stipulation is approved to March 18, 2020.

---

before the Complaint was amended again on April 9, 2020 to include Terri Burton as a plaintiff. *Id.*

4

> d. **The Virginia Collective**: all current and former full-time, hourly-paid associates who held the job title of Consumer Service Associate, Customer Care Representative I or Customer Care Representative II while working at Anthem's VA ACA and Legacy Call Center and/or Enterprise Individual ACA Call Center located at 2015 Staples Mill Rd in Richmond, Virginia, at any time within the period of three years prior to the date on which this Stipulation is approved to March 18, 2020.

Stipulation, at 3-4.

The Parties have agreed that Plaintiffs will retain Simpluris, Inc. as a claims administrator ("Administrator"), and "Defendant shall provide the Administrator four lists in Excel format of the names, last-known personal mailing addresses, and last-known personal e-mail addresses of all members" of each collective within fourteen days of the approval of the stipulation. *Id.* at 4-5. The parties' stipulation requests that we authorize Plaintiffs to direct the Administrator to effectuate notice of this Action to the members of each Collective. *Id.* at 5-7.

We review in turn the conditional certification, the contents of the notice, and the procedures by which it will be effectuated.

## Legal Analysis

### I.  Standard of Review

"The Fair Labor Standards Act gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b) (2006)). Courts in this circuit commonly apply a two-stage test to determine whether an FLSA claim may proceed as a collective action. *Hudson v. Protech*

5

*Security Group, Inc.*, 237 F. Supp. 3d 797, 799 (N.D. Ill. 2017). At the first stage, conditional certification, "the court makes an initial determination whether notice should be sent to potential opt-in plaintiffs who may be similarly situated to the named plaintiff[s]." *Hudson*, 237 F. Supp. 3d at 799 (quotation marks, citation omitted). "To demonstrate that potential opt-in plaintiffs are similarly situated at this stage, the named plaintiff[s] 'must make a modest factual showing sufficient to demonstrate that [they] and the potential opt-in plaintiffs were victims of a common policy or plan that violated the FLSA.'" *Id.*

If the court grants conditional certification of a collective action, the court "has discretion to authorize notice to similarly situated employees." *Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 958 (S.D. Ind. 2016) (Baker, J.) (mag. j. op.) (citing inter alia Alvarez, 605 F.3d at 449). The Court also has discretion "to prescribe the form, manner, and timing of notice to ensure that putative members receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Weninger v. Gen. Mills Operations LLC*, 344 F. Supp. 3d 1005, 1012 (E.D. Wis. 2018) (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

## II.     Discussion

Here, Plaintiffs have clearly satisfied the modest factual burden to show that they are similarly situated to the potential opt-in plaintiffs. Although the job titles of the potential opt-in plaintiffs may vary, Plaintiffs allege that they performed substantially

6

similar duties on behalf of Defendant and that they were victims of Defendant's alleged common policy of requiring its call center employees to perform uncompensated pre-shift, mid-shift, and post-shift activities. Given that Defendant has no objections at this time to Plaintiffs' allegations that they are similarly situated and has stipulated to the conditional certification of the collective action, [5] we find no reason to deny certification at this stage of the litigation. Accordingly, we grant conditional certification, though we note that final certification will require more than the "modest factual showing" required at this early stage. *See Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 993 (N.D. Ind. 2010) (concluding that final certification is appropriate where "there is evidence that the duties of the job are largely defined by comprehensive corporate procedures and policies," and the defendants' "defenses would apply to *all* Plaintiffs").

We turn now to consider the proposed notice as set forth in the notice documents attached to the Stipulation.

For each Collective, Plaintiff will direct the Administrator to effectuate notice according to the following procedures: the Notice of Right to Join Lawsuit and Consent-to-Join Form will be sent via U.S. Mail, with a pre-paid return envelope; a case website will be maintained displaying the text of the Notice of Right to Join Lawsuit and Consent-to-Join Form through which members of the respective Collectives may sign their Consent-to-Join Forms electronically; an e-mail communication containing a link to the appropriate case website will be sent on the date the Notice of Right to Join Lawsuit

---

[5] Defendant "fully and completely denies" all of Plaintiff's allegations on the merits. [Dkt. 93, at 4].

and Consent-to-Join Form are mailed; and a second e-mail communication will be sent thirty days after the above forms are mailed. *Id.*

We find the contents of Plaintiffs' proposed notice to be appropriate, accurate, and in furtherance of the goals of FLSA collective-action notice. Likewise, we find the proposed notice-procedures to be appropriate. See *Knox*, 208 F. Supp. 3d at 963–65 (approving notice by e-mail, submission of written consents through public website, reminder notices). Therefore, we approve the Stipulation and authorize Plaintiffs to disseminate the notice documents (attached as Exhibits 1-A through 1-D, 2-A through 2-D, 3-A through 3-D and 4-A through 4-D to the Stipulation) as set forth in the Stipulation. We note that in authorizing notice the Court takes no position on the merits of the claims.

## Conclusion and Order

For the reasons above:

The Parties' Joint Motion to Approve Stipulation Conditionally Certifying Collective Action Pursuant to 29 U.S.C. § 216(b) [Docket No. 93] is GRANTED.

The Court CONDITIONALLY CERTIFIES the Collectives as set forth in the Stipulation.

Defendant is ORDERED to provide the information set forth in Paragraph 3 of the Stipulation to the claims administrator within 14 days from the date of this Order.

The Parties' Stipulation and its attached notice documents are APPROVED.

Plaintiff is authorized to disseminate notice as set forth in the stipulation.

IT IS SO ORDERED.

Date: _____7/27/2020_____        _____
                                     SARAH EVANS BARKER, JUDGE
                                     United States District Court
                                     Southern District of Indiana

Distribution:

Jason Travis Brown
Brown, LLC
jtb@jtblawgroup.com

Jason T. Brown
BROWN, LLC
jtb@jtblawgroup.com

Lotus Cannon
Brown LLC
lotus.cannon@jtblawgroup.com

Nicholas Conlon
BROWN, LLC
nicholasconlon@jtblawgroup.com

Erin Thornton Escoffery
FROST BROWN TODD LLC (Indianapolis)
eescoffery@fbtlaw.com

Ashley Zeiler Hager
TROUTMAN PEPPER HAMILTON SANDERS LLP
ashley.hager@troutman.com

Andrew Henson
TROUTMAN PEPPER HAMILTON SANDERS LLP
andrew.henson@troutman.com

Robert Adam Hicks
MACEY SWANSON LLP
rhicks@maceylaw.com

Kandi Kilkelly Hidde
FROST BROWN TODD LLC (Indianapolis)
khidde@fbtlaw.com

Amy Suzanne Wilson
FROST BROWN TODD LLC (Indianapolis)
awilson@fbtlaw.com